IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATIONWIDE PROPERTY AND
CASUALTY INSURANCE COMPANY
*as subrogee of THE FOXMOOR*       18cv1410
*HOMEOWNERS ASSOCIATION, INC.*     **ELECTRONICALLY FILED**

       Plaintiff,

       v.

DYNAMIC BUILDING CORPORATION,

       Defendant/Third-Party
       Plaintiff,

       v.

KAZMIR CONSTRUCTION, LLC. AND
ATLAS ELECTRICAL CONTRACTING,
INC.

       Third Party Defendants.

**MEMORANDUM ORDER**

Before the Court is Defendant Dynamic Building Corporation's ("Dynamic's") motion to dismiss the third party counterclaim filed by Kazmir Construction, LLC. ECF 35. For the reasons set forth below, Dynamic's motion will be granted.

**BACKGROUND**

This case arises out of a claim for negligence, breach of contract, and breach of warranty brought by Nationwide Property and Casualty Company ("Nationwide") as subrogee of its insured, the Foxmoor Homeowners Association. ECF 4. The Foxmoor Homeowners Association oversees residential condominium units located in Cranberry Township. Id.

Nationwide sued Dynamic, a general contractor, alleging Dynamic performed work negligently in one of the condominium units. Id. Specifically, Nationwide claimed that upon

1

installing a microwave oven, a bolt used to secure the microwave oven essentially nicked an electrical line which shorted the line, led to sparking and caused an arc of electricity, which in turn, ignited a natural gas line, causing a fire to erupt in the ceiling of the condominium unit. Id.

Dynamic filed an answer to Nationwide's complaint but also sued Kazmir Construction, LLC ("Kazmir") via a third party complaint. [ECF 7](). The gravamen of Dynamic's third party complaint alleged that Kazmir performed the installation of the microwave in the unit in question. Id.

In response to Dynamic's third party complaint, Kazmir filed a third party counterclaim alleging that Kazmir was hired by Dynamic Building Corporation to provide interior carpentry services at the subject condominium complex in exchange for $112,000.00. [ECF 23](). Kazmir's counterclaim against Dynamic is for non-payment of an amount alleged to be due and owing to Kazmir by Dynamic. Id. Dyanmic filed a motion to dismiss Kazmir's counterclaim and brief in support of same. [ECF 35]() and [ECF 36](). Kazmir filed a brief in response opposing same. [ECF 42]() and [ECF 43]().

**ANALYSIS**

Dynamic's motion to dismiss Kazmir's counterclaim notes that there is a binding arbitration clause in the agreement executed between Kazmir and Dynamic for the work done at the condominium units at issue in this litigation. [ECF 7](). Dynamic's allegeation against Kazmir reference a contract with Kazmir. Id. Dynamic attached this contract to its third party complaint against Kazmir. [ECF 7-3](). Thus, the Court may consider this agreement and its content in adjudicating this issue. The Court finds that Dynamic accurately represented that an arbitration clause exists within the agreement attached to its third party complaint. Id.

Based on the plain meaning of this arbitration clause, Dynamic and Kazmir agreed to resolve "all claims and disputes arising out of or relating to this Subcontract" via arbitration "in Pittsburgh, Pennsylvania in accordance with the Construction Industry Rules of the American Arbitration Association." Id.

Dynamic argues Kazmir's compulsory counterclaim does not automatically confer subject matter jurisdiction over Kazmir's counterclaim against Dynamic for its alleged non-payment. Dynamic claims the amount owed to Kazmir falls below the $75,000.00 diversity jurisdiction threshold. 28 U.S.C. § 1332.

Kazmir counters by arguing that the amount in controversy exceeds the threshold. Kazmir also argues regardless of the amount, this Court could adjudicate its claim against Dynamic under the supplemental jurisdiction statute. 28 U.S.C. § 1367(a). Kazmir further argues that it would be in the best interests of judicial economy for this Court to do so. ECF 43.

This Court declines to assert supplemental jurisdiction over the matter raised by Kazmir in its counterclaim against Dynamic. The Court finds that the core issue in the case brought by Nationwide is whether Dynamic, or some other entity, can be deemed liable for the fire loss at the condominium units. Thus, whether Kazmir was timely paid a proper amount for its work at the condominium units is unrelated to the matter at the heart of this case. In addition, this Court, like many others within the Third Circuit respect the parties' rights to negotiate for alternate dispute resolutions such as arbitration. *See, i.e., Taylor v. Prudential Ins. Co. of America*, 91 Fed. Appx. 746 (3d Cir. 2003).

**CONCLUSION**

For the foregoing reasons, the Court will grant Dynamic's Motion to Dismiss the Counterclaim without prejudice for Kazmir to reassert its claim before an arbitration panel.

**ORDER OF COURT**

AND NOW, this 25th day of January, 2019, the court hereby GRANTS Defendant Dynamic Building Corporation's ("Dynamic's") motion to dismiss the third party counterclaim ([ECF 35](ECF 35)) filed by Kazmir Construction, LLC.

        s/ Arthur J. Schwab
        Arthur J. Schwab
        United States District Court Judge

cc: All ECF Counsel of Record